UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KELLY AUSTIN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:05-CV-536

Hon. Richard Alan Enslen

**JUDGMENT**

        Plaintiff Kelly Austin has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 5, 2006, which affirmed the decision of the Commissioner of Social Security denying Disability Insurance Benefits and Supplemental Security Income. This Court reviews the decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

        Plaintiff was thirty-four years of age at the time of hearing and disputes the conclusion of the Administrate Law Judge ("ALJ") that her severe impairments (back disorders, depression) were not disabling, and that she could perform a significant number of jobs (including packager, sorter and assembler) in the national economy. (*See* A.R. 24.) Plaintiff argues that the Magistrate Judge failed to properly consider post-hearing evidence relating to her back, more specifically an MRI Report dated July 26, 2004. (*See* Administrative Record "A.R." 273-74.) This was hardly error. Since the Appeals Counsel elected to summarily affirm the decision without review, notwithstanding such evidence, under this Circuit's case law the record of disability is limited to the evidence submitted at the time of hearing. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (1996) (citing *Cotton v.*

*Sullivan,* 2 F.3d 692, 695-96 (6th Cir. 1993)).  While a remand under "sentence six" of section 405(g) may, nevertheless, be appropriate in some cases, this is not such a case.  A "sentence six" remand is appropriate when the evidence is both "material" and there is "good cause" for not presenting it earlier.  *Id.*; *see also Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 712 (6th Cir. 1988)).  In this case, the new evidence is not material.  The MRI Report does not contain any medical assessment or opinion concerning how the reported conditions (disc degeneration and herniation) affect Plaintiff's work limitations or back pain.  Furthermore, the evidence is not material because the report was compiled significantly after the hearing, and there is no indication in the report or record that the report relates to Plaintiff's condition at the time of hearing as opposed to post-hearing disease.  *See Wyatt*, 974 F.2d at 685 (holding that post-hearing condition evidence is non-material); *Sizemore*, 865 F.2d at 712 (same).

Other arguments raised by Plaintiff likewise do not warrant relief.  Plaintiff's obesity argument was properly rejected by the Magistrate Judge because the medical record does not support a conclusion that obesity itself imposed additional functional limitations which were inconsistent with Plaintiff's residual functional capacity as adjudicated by the ALJ. (*See* Report and Recommendation 11.)

Plaintiff's arguments that the Dictionary of Occupational Titles ("DOT") contradicted the Vocational Expert's ("V.E.'s") testimony concerning the job positions also fails.  The VE testified that his opinions went beyond the content of the DOT (*i.e.,* were based on experience). (A.R. 294.) The VE is not limited to the DOT is assessing the demands of various jobs, but rather may testify from his own experience contrary to the DOT.  *See Barker v. Shalala,* 40 F.3d 789, 795 (6th Cir.

1994); *Conn v. Sec'y of Health & Human Servs.,* 51 F.3d 607, 610 (6th Cir. 1995); *Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002).

Plaintiff's final argument is premised on counsel's reading of the mental residual functional capacity assessment form prepared by Dr. Stephanie Heard, M.D. Plaintiff's counsel asserts that because Dr. Heard found "moderate limitations" in a select minority of mental functioning categories, Plaintiff could not do either skilled or unskilled work. (*See* Objections 6-7; A.R. 166-67.) This argument overstates Dr. Heard's conclusions since she concluded that Plaintiff was capable of simple, repetitive tasks (presumably including light, unskilled work) within the limitations described. (A.R. 165, 166-67, 173-74, 180-82.) The ALJ properly assessed the entire record, including Plaintiff's daily activities, A.R. 84-86, and appropriately determined residual functional capacity based on both physical and mental health limitations. (A.R. 21-22.) *See also* S.S.R. 96-8p. The ALJ's analysis, which relied upon a sufficient hypothetical question to the VE, was proper under the law and regulations. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Kelly Austin's Objections (Dkt. No. 12) are **DENIED**, the Report and Recommendation (Dkt. No. 11) is **ADOPTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>July 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |